JOHN R. WAGNER, Circuit Judge Grant County
This is in response to your inquiry as to whether a person may be fingerprinted and photographed when he or she appears at an initial appearance as a result of a summons. You also ask if a person's release from custody on bail may be conditioned upon the taking of fingerprints and photographs.
It is my opinion that a person may be fingerprinted and photographed when he or she appears at an initial appearance as a result of a summons for offenses embraced in sec. 165.83(2)(a), Stats.[1] It is also my opinion that a court may require fingerprinting and *Page 255 
photographing as a condition to be fulfilled prior to release from custody on bail.
Section 165.84(1), Stats., requires law enforcement agencies to obtain fingerprints and photographs "of each person arrested or taken into custody for an offense of a type designated in sec.165.83(2)(a)." The offenses for which a person may be subject to fingerprinting and photographing are not limited to felonies. Fingerprints and photographs may be required of those charged or taken into custody for certain misdemeanors as well. Section165.83(2)(a)2, Stats. While it is clear, under sec. 165.84(1), Stats., that a person may be fingerprinted and photographed when arrested, the question here is whether a person who is appearing pursuant to a summons is one who is "taken into custody" and therefore subject to fingerprinting and photographing.
A person is in custody when appearing pursuant to a summons, because a summons duly served is a mandate requiring the individual to appear. There is no doubt that an individual appearing pursuant to a summons is "in custody," and therefore subject to having fingerprints and photographs taken because failure to appear pursuant to the summons would result in a warrant for arrest. United States v. Laub Baking Co.,283 F. Supp. 217 (N.D. Ohio 1968).
In answering your second question, it is my opinion that a judge, although not required to do so, may impose a fingerprinting and photographing requirement as a condition of bail.
A defendant has both a statutory and constitutional right to bail. Section 969.01(1), Stats.; Whitty v. State, 34 Wis.2d 278,149 N.W.2d 557 (1967). The court can, however, condition release on bail on the defendant's compliance with certain conditions. The conditions imposed must be authorized, explicitly or impliedly, by law.
Section 969.03(1)(e), Stats., as amended by ch. 112, Laws of 1979 (effective March 1, 1980), provides that the court can impose a bail condition deemed reasonably necessary to assure appearance or deemed reasonably necessary to protect public or individual safety. Requiring a defendant to submit to fingerprinting and photographing appears reasonably necessary both to assure appearance and to protect public or individual safety. *Page 256 
Since the historic purpose of bail is to secure the appearance and submission of the defendant to the jurisdiction and judgment of the court, the primary inquiry in answering your question is whether fingerprinting and photographing requirements effect that end. I believe they do. The recording of identifying data provides a strong reminder to any person on bail that he or she can be easily and quickly identified. Awareness of the greatly increased possibility of being apprehended may suppress any temptation to jump bail. Fingerprinting and photographing provide a strong assurance that the defendant will appear as required.
Conditioning bail upon fingerprinting and photographing also protects public and individual safety, a consideration authorized by sec. 969.03(1)(e), Stats. If a jurisdiction is serious about reducing recidivism and abscondence by defendants on bail, then it should make serious efforts through prerelease screening and information gathering to control the problem. Just one device which could be employed to protect public and individual safety is the collection and recording of identifying data of defendants before being released on bail. Without such data, it may be difficult for law enforcement agencies to identify persons in custody. Without such data, it would also be much more difficult for law enforcement agencies to locate individuals who have absconded while released on bail. Lack of such information would certainly constitute an increased threat to the public and perhaps be of particular concern to individuals who may be relying on law enforcement agencies to have reasonable control over the defendant's actions or whereabouts.
Fingerprinting and photographing serve the purpose of bail as provided in our law. The requirement is not unreasonable and "as a physical invasion it amounts to almost nothing." Bridges v.State, 247 Wis. 350, 373, 19 N.W.2d 529 (1945).
Finally, a court enjoys certain inherent powers. These powers spring not from legislative grant or specific constitutional provision, but from the very fact that the court has been created and charged with certain responsibilities, the most important of which is the proper and efficient administration of justice. As a result, a court has certain inherent powers which it may call upon to aid in the administration of justice. A judge has every right to know who is standing before the court. Positive identification can be established by requiring such person to be fingerprinted and photographed. Thus, by virtue *Page 257 
of its inherent judicial power, a court has the authority to order fingerprinting and photographing of people held in its custody, and may condition bail upon compliance with such order.
BCL:WHW:NB
[1] Section 165.83(2)(a), Stats., reads in material part:
1. For an offense which is a felony.
2. For an offense which is a misdemeanor or a violation of an ordinance involving burglary tools, commercial gambling, dealing in gambling devices, contributing to the delinquency of a child, dealing in stolen property, controlled substances under ch. 161, firearms, dangerous weapons, explosives, pandering, prostitution, sex offenses where children are victims, or worthless checks.
3. For an offense charged as disorderly conduct but which relates to an act connected with one or more of the offenses under subd. 2.
4. As a fugitive from justice.
5. For any other offense designated by the attorney general.